IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 11-00152-CB |
| LUIS COLON, | ) | CIVIL NO. |
| | ) | 14-00038-CB |
| Petitioner/Defendant | ) | |

## ORDER

This matter is before the Court on Petitioner Luis Colon's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 472) which has been superseded by amendment (Docs. 474 & 475) to the extent permitted by the Court's order dated February 2, 2014 (Doc. 476). One of the two claims raised has been summarily denied by order dated September 29, 2014. (Doc. 492.) For reasons set forth below, the Court finds that the remaining claim is without merit.

**Procedural Background**

By order dated September 29, 2014, the Court denied the motion, in part, as to Petitioner's claim of ineffective assistance of counsel at sentencing. Regarding the remaining claim--ineffective assistance due to counsel's failure to appeal—the order stated:

> Th[e] conflict between Petitioner's version of events and counsel's version of events creates an evidentiary dispute. Petitioner is entitled an evidentiary hearing and to be represented by appointed counsel at that hearing. *See* Rule 8 of the Federal Rules Governing 2255 Proceedings. However, the Court recognizes that Petitioner may not desire to have an evidentiary hearing, especially since most appeal claims have been waived. Petitioner may waive the evidentiary hearing if he so desires. If so, the Court will resolve any conflicts based on the pleadings and affidavits in the record. On or before **October 31, 2014** Petitioner shall file a statement indicating whether

> or not he desires an evidentiary hearing on his claim that counsel
> failed to follow his instructions to file a notice of appeal. If no
> statement is filed, the Court will assume that no hearing is desired and
> will resolve this issue on the record currently before it.

(Order, Doc. 492.) Petitioner has not filed a statement indicating his desire for an evidentiary hearing. Therefore, the Court will resolve the claim based on the record.

**Findings of Fact[1]**

Petitioner was indicted in two cases—one in the Eastern District of Louisiana and the other in this district. The Louisiana case was transferred to this district, and the cases were consolidated.[2] In each case, Petitioner was charged with one count of conspiracy to possess with intent to distribute cocaine. Prior to the transfer, Petitioner was represented by Catherine Chavari. After the transfer, Louisiana attorney Ferdinand Kleppner represented Petitioner in both cases. Petitioner was cooperating with the government before Mr. Kleppner became involved in the case. At the pretrial conference, counsel informed the Court that Petitioner intended to enter a guilty plea. Petitioner entered into a written plea agreement with the government in each case and on July 2, 2012 pled guilty to each charge. In those plea agreements, Petitioner agreed to a limited waiver of his right to appeal. Sentencing took place on January 16, 2013. The Court imposed concurrent sentences of 188 months in prison to be followed by concurrent 5-year terms of supervised release.

---

[1] The Court adopts the additional facts set forth in the September 29th order.

[2] In this district the transferred case was assigned Criminal No. 12-00101. Although Petitioner did not include that case number in his § 2255 motion, his § 2255 motion applies to both cases.

Mr. Kleppner, along with an interpreter,[3] met with Petitioner on January 23, 2013. They had "an extensive discussion" about the sentencing and Petitioner's appeal rights. (Kleppner Aff. 3.) They discussed Petitioner's chances on appeal, and Kleppner advised Petitioner that "the 'odds' are generally against a defendant in an appeal" and that counsel " did not note any obvious errors in the proceedings that might support a successful appeal." (*Id.*) Kleppner also recommended that Petitioner continue his cooperation with the government in hopes of obtaining a motion for reduction of sentence and suggested that an appeal might lessen his chances of obtaining a sentence reduction. At that time, Petitioner advised counsel that he wanted to appeal.[4] Soon after this meeting, however, Petitioner telephoned Kleppner and "made it clear. . . that he had decided not to pursue an appeal and that he would 'gamble' on a successful 5k.1 [sic] or [R]ule 35 recommendation for a sentence reduction." (*Id.* 4.)

**Legal Analysis**

As discussed in the Court's previous order, the *Strickland* test regarding constitutionally ineffective assistance of counsel, also applies to claims of attorney incompetence for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "It is well-settled that a lawyer who disregards instructions from his client to appeal has acted 'in a manner that is professionally unreasonable.' Prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005) (quoting *Flores-Ortega,* 528 U.S. at 477)). If a petitioner proves that counsel

---

[3] Petitioner speaks limited English.
[4] According to Kleppner's affidavit, Petitioner said he would handle his own appeal and may have stated that he would file his own notice of appeal.

3

ignored his instruction to file a notice of appeal, then he is entitled to an appeal even though an appeal waiver would render the appeal frivolous. *Id.* For the following reasons, the Court finds that Petitioner withdrew any instructions to appeal he may have given his attorney.

In his affidavit, Mr. Kleppner acknowledges that Petitioner informed him of his desire to appeal but also states that Petitioner soon thereafter changed his mind. Petitioner has presented no evidence that would contradict counsel's testimony. The only "evidence" submitted by Petitioner is a handwritten note from Mr. Kleppner dated January 23, 2013, which states in its entirety: "meet w/ Luis—says he will appeal." This note is in accord with Kleppner's recollection of events. It does not dispute Kleppner's sworn statement that Petitioner later changed his mind. Moreover, the Court finds it plausible that Petitioner would, after consideration, decide not to pursue an appeal in this situation. First, his attorney had advised him that there were no obvious errors that might support an appeal. Second, Petitioner had been cooperating and hoping for a motion for reduction of sentence, but counsel had advised him that an appeal might have a negative effect. Third, Petitioner signed a plea agreement waiving his right to appeal in all but a very few circumstances,[5] none of which were remotely applicable.[6]

---

[5] Although the transcript of the guilty plea hearing has not been provided in this case, it is the Court's practice to specifically review the appeal waiver and its ramifications with each defendant during the plea colloquy. Consequently, the Court is persuaded that the Petitioner was aware of the appeal waiver and its potential effect on any appeal.

[6] The Plea Agreement provided the following exceptions to the appeal waiver: (1) a sentence exceeding the statutory maximum, (2) a sentence involving an upward departure or variance from the advisory guideline range and (3) ineffective assistance of counsel.

Based on the record and evidence before it, the Court finds that counsel did not render constitutionally ineffective assistance of counsel because Petitioner decided not to appeal and communicated that decision to counsel.

**Conclusion**

For the reasons stated above and those given in the September 29th order, Petitioner's § 2255 motion is hereby **DENIED**.

**Certificate of Appealability Denied**

Rule 11 of the Rules Governing Section 2255 Proceedings requires that this Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may be issued only where the applicant has made a 'substantial showing of the denial of a constitutional right.'" *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to the standard governing certificates of probable cause under the former 28 U.S.C. § 2253. *Id.*; *accord Slack v. McDaniel*, 579 U.S. 473 (2000). In the context of certificates of probable cause, the Supreme Court has defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). None of the claims raised in petitioner's § 2255 meet this threshold. Accordingly, the certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this the 8th day of December, 2014.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**